IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARIUS FERNANDO QUEEN, #305181    *
                Petitioner,

    v.                    *   CIVIL ACTION NO. WDQ-05-167

ROBERT KUPEC, et al.         *
                Respondents.
                   ******

## MEMORANDUM

This 28 U.S.C. § 2254 Petition for writ of habeas corpus seeks to attack Petitioner's 2001 convictions in the Circuit Court for Prince George's County, Maryland on burglary, theft, and malicious destruction of property charges.[1]  Currently before the Court are the Petition, the State's Answer and exhibits, and Petitioner's Reply documents.   Paper No. 1; Paper No. 14, Ex. 1-17; & Paper Nos. 16 & 17.  Upon review of the pleadings, the Court finds no need for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*  For reasons that follow, the Petition is hereby denied.

## I. PROCEDURAL HISTORY

On June 5, 2001, Petitioner was indicted on counts of second degree storehouse burglary with intent to commit theft, fourth degree storehouse burglary, theft over and under $500.00, and malicious destruction of property.  Paper No. 14, Ex. 1.  On September 7, 2001, Prince George's County Circuit Court Judge Graydon S. McKee III conducted a pre-trial hearing on the defense

---

[1]      Petitioner is serving a 12-year sentence, with all but 9 years suspended, and five years supervised probation.  *See* Paper No. 1 at 1; Paper No. 14, Exs. 1 & 9.

motion regarding an "illegal stop" and denied the motion to suppress.[2]   Paper No. 14, Exs. 1 & 2.

A jury trial commenced on September 20, 2001.  Following the presentation of the State's case,

Judge Richard H. Sothoron, Jr. granted the motion for acquittal as to the charge of theft over

$500.00.  *Id*., Ex. 3 at 158.  The defense presented no witnesses.  After deliberation, a jury found

Petitioner guilty of second degree storehouse burglary with intent to commit theft, theft of property

under $500.00, and malicious destruction of property.[3]   *Id*., Ex. 4 at 3-4.   As indicated by the

Maryland Court of Special Appeals on direct review, the evidence adduced at trial to support

Petitioner's convictions included the following:

> The State's principal witness, Ms. Helen Reeder testified to the following events:  On
> May 12, 2001, at approximately 7:30 a.m., in Fairmont Heights, Ms. Reeder, in
> response to a telephone call from a neighbor, was looking out of her bathroom
> window toward a storage shed located a short distance from her rear yard.  She
> observed two males breaking into the shed with what appeared to be a crowbar.  She
> identified [Eric Clarence] Haggins as the person removing grass-cutting tools from
> the shed and handing them to Queen.  Ms. Reeder was describing this activity to the
> police on the telephone as it unfolded.
>
> The men allegedly walked up the alley past her house carrying tools on their backs.
> She lost sight of them for ten or fifteen minutes.  Her next observation was the police
> "bringing the tools and things back down the alley."  An Officer said, "We caught
> them."  Ms. Reeder, shortly thereafter, drove her car "to the top of the hill" to a
> location where she saw the same two men in the back of a police vehicle.   They
> were the same two men she saw breaking into the storage shed, according to her
> testimony at trial.
>
> County Police Officer Nicholas Cicale responded to the call reporting a breaking and
> entering in progress.  He arrived at the scene within two minutes and observed two
> males who fit the description he had received.  They were sweating and breathing
> heavily.  They were also within 400 feet of the storage shed.

---

[2]        At the time of the pre-trial hearing, the State indicated that there was no pre-trial identification.  Paper No. 14, Ex. 2 at 2-3.

[3]        The fourth degree storefront burglary count was merged into the count of second degree storehouse burglary with intent to commit theft.  Paper No. 14, Ex. 5 at 18.

At the scene, the police observed a crowbar, two broken padlocks, and a door that
had been pried open.  Some lawn equipment was found in the alley nearby.

Paper No. 14, Ex. 9 at 1-2.

As was his right, Petitioner filed an appeal with the Court of Special Appeals of Maryland.

He raised the following question for consideration:

I.      Did the trial court err in refusing to allow an in-court lineup?

*Id*., Exs. 6-8.

On August 21, 2002, the Court of Special Appeals affirmed the criminal judgments.  *Id*., Ex.

9.  The mandate was issued on September 20, 2002.  *Id*.  Petitioner did not file a petition for a writ

of certiorari with the Court of Appeals of Maryland.

On December 12, 2002, Petitioner initiated state post conviction proceedings in the Circuit

Court for Prince George's County.  *Id*., Ex. 10.  He claimed that: (i) the State withheld the pre-trial

extrajudicial identification until trial; (ii) appellate counsel was ineffective for failing to properly

attack the prosecutor's misconduct; (iii) trial counsel was ineffective for failing to attack the State's

case in chief regarding the location of the crime; (iv) trial counsel was ineffective for failing to

attack an illegal sentence; (v) trial counsel was ineffective for failing to properly assess the pre-

sentencing report; (vi) the trial court violated the Maryland sentencing guidelines; and  (vii) trial

counsel was ineffective for failing to resolve all pretrial matters concerning probable cause, location

of crime, and pretrial identification.  *Id*.

Petitioner filed amended post-conviction petitions through counsel, arguing that  he was

denied his Sixth Amendment rights due to trial and appellate counsel's failure to challenge the

witness's identification of Petitioner in court and remedy the prosecution's violation of Md. Code

Ann., Art. 27, § 4-263.[4]  Paper No. 14, Exs. 11 & 12.

The matter was heard on October 15, 2003, before Circuit Court Judge Toni E. Clarke . *Id.*,

Ex. 13.  On January 13, 2004, Judge Clarke issued an opinion which denied post-conviction relief.

Petitioner filed an application for leave to appeal, seeking further consideration of his Sixth

Amendment claims related to: (i) the failure to challenge the prosecutor's non-disclosure of a

witness's pretrial identification; (ii) the failure of appellate counsel to raise the prosecutorial

misconduct issue as plain error on direct appeal;[5] (iii) the failure to zealously challenge the in-court

identification;  and (iv) the failure to object to factual errors in the prosecutor's closing argument.

*Id.*, Ex. 14.  The Maryland Court of Special Appeals summarily denied the application for leave to

appeal on September 8, 2004.  *Id.*, Ex. 15.  The petition for writ of certiorari was denied by the Court

of Appeals on December 14, 2004.  *Id.*, Exs. 16 & 17.

Petitioner filed this § 2254 Petition, raising the following grounds:

    A.        The State withheld pretrial identification until trial;

    B.        The State violated Md. Code Ann., Art. 27, § 4-263, by failing to provide the defense with complete and accurate information regarding witness identification of Petitioner and Eric Clarence Haggins;

    C.        Appellant counsel was ineffective for the failure to raise an appellate issue of prosecutorial misconduct regarding a discovery violation; and

    D.        Trial counsel was ineffective for the failure to attack, and perfect for appeal, the State's case in chief as the crime address identified in the original

---

[4]      Petitioner indicated that his second amended petition superceded the first amended petition, but incorporated all of the facts and allegations previously presented in the original post-conviction petition. Paper No. 14, Ex. 13 at 2.

[5]      In so raising this appellate claim, Petitioner asserted that the ground was not knowingly waived.  Paper No. 14, Ex. 14 at 7.

statement of probable cause differed from the crime address for which Petitioner was convicted.

Paper No. 1.

## II. THRESHOLD CONSIDERATIONS

### A. Exhaustion of State Remedies

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  This exhaustion requirement is satisfied by "fairly presenting" the claims in each state court so as to obtain review in the highest state court with jurisdiction to consider the claims. *See* 28 U.S.C. §2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  As Petitioner no longer has any state direct appeal or post-conviction remedies available to him with respect to the claims before this Court, his claims will be considered exhausted for the purpose of federal habeas corpus review.

### B.   Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U. S. at 749-50 (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post conviction relief).  A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an

5

adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. *See Murray v. Carrier***,** 477 U. S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

### C. Standard of Review

Because this Petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *See Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the

benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*).  In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor explained that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Id*. at 412-413.  A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court  identifies the correct  governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id*. at 409-410.

Further, federal courts give great deference to a state court's factual findings.  *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary.   The applicant has the burden of rebutting the presumption of correctness.  A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### III.  PETITIONER'S CLAIMS

**A.  Prosecutorial Misconduct**
**B.  Prosecutor's Violation of Md. Code Ann., Art. 27, § 4-623**

7

Petitioner complains that Assistant State's Attorney Belinda Gardner committed misconduct and violated Maryland discovery rules by withholding evidence of pretrial identification by witness Helen Reeder.   Respondents assert that the precise issue of the State's failed disclosure was not raised on direct appeal to the Court of Special Appeals, nor did Petitioner seek certiorari with the Court of Appeals.   They therefore assert that the claims are procedurally defaulted.

This Court concurs.   On direct appeal, Petitioner raised a trial court error claim involving Judge Sothoron's refusal to grant defense counsel's request to allow an in-court lineup.   Paper No. 14, Ex. 6.   The claim of prosecutorial misconduct was not presented.   The Court of Special Appeals, however, decided on its own to additionally address the discovery violation issue, and found that while the State was required to disclose Ms. Reeder as its star witness, the violation did not warrant the sanction of a new trial or dismissal because of the compelling evidence weighing in favor of conviction.   *Id.*, Ex. 9.   Petitioner did not seek certiorari review before the Court of Appeals. Consequently, the claims are defaulted.

Although the aforementioned grounds are procedurally defaulted, the Court must consider whether it should reach the merits of these defaulted claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*, 513 U.S. at 318-20.   The miscarriage of justice standard is directly linked to innocence.   *Id.* at 320.   Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.   *Id.* at 314.   The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*,  477 U.S. at 496; *Schlup*, *supra*.   To meet this standard, Petitioner

must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *See Schlup*, 513 U.S. at 327.

The Court has examined Petitioner's Reply and Supplemental Reply and finds that he has failed to make the requisite demonstration of cause for his failure to properly raise his grounds in the state courts, and prejudice resulting from this failure.  He has presented no evidence, nor suggested that any exists, which could satisfy the compelling standard set forth in *Schlup*.[6]  Petitioner's prosecutorial misconduct claims are, therefore, foreclosed from federal habeas review.[7]

### C. Ineffective Assistance of Appellate Counsel

---

[6]       In his Supplemental Reply, Petitioner makes a conclusory claim that pretrial identification issues were not presented to the Court of Appeals on petition for certiorari due to ineffective assistance of appellate counsel. Paper No. 17.  Assuming this particular claim is exhausted and not procedurally defaulted itself, the Court finds that Petitioner's argument is without merit.  To be considered cause for procedural default, attorney errors must satisfy the prejudice standard under *Strickland v. Washington*, 446 U.S. 668 (1984). *See Coleman*, 501 U.S. at 752-54.  For reasons which follow in this opinion, appellate counsel's alleged error falls short of constitutional ineffectiveness and cannot be considered cause for the procedural default of these issues.  In concluding that Petitioner cannot establish actual prejudice to excuse his procedural default, the Court observes that there is a question as to "whether the showing of prejudice required to excuse procedural default is identical to the showing of prejudice required to establish ineffective assistance of counsel, namely, that 'there is a reasonable probability that, but for the [errors], the result of the proceeding would have been different.' " *Burket v. Angelone*, 208 F.3d 172, 189 n. 17 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694); *see also Williams v. French*, 146 F.3d 203, 210 n. 10 (4th Cir. 1998).  For example, precedent in another circuit suggests that habeas prejudice may require a greater showing, namely, "by a preponderance of the evidence, that the outcome of his trial would have been different but for the errors in question." *See United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994). The Court need not resolve this question in the present case, however, because Petitioner is unable to satisfy either standard.

[7]       Claims based on violations of state law or procedure that do not constitute an infringement of a specific constitutional protection or fundamental fairness are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-75 (1991).  In this case, Petitioner has failed to identify any constitutional provision on which he bases these two claims.  Consequently, Petitioner has failed to state a cognizable claim for federal collateral relief with regard to these two grounds. *See* 28 U.S.C. §2254(a).

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if a petitioner can "establish....that counsel omitted significant and obvious issues while pursing issues that were clearly and significantly weaker....Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2[d] Cir. 1994). However, a criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal. An attorney may decline to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger arguments on appeal.[8] *See Jones v. Barnes*, 463 U.S. 745, 752 (1983).

Petitioner complains that appellate counsel was ineffective for failing to raise the State's alleged discovery violation as an issue on direct appeal. Indeed, the sole ground raised on direct appeal pertained to Judge Sothoron's refusal to allow an in-court identification line-up.

In her post-conviction decision, Judge Clarke noted that the Court of Special Appeals had on its own addressed the alleged discovery violation on direct appeal and concluded that while the State was required to disclose their star witness on the facts of the case, the violation would not warrant a new trial or dismissal due to the compelling evidence against Petitioner.[9] Paper No. 14,

---

[8] Appellate counsel cannot be found deficient for failing to present unmeritorious issues and issues not preserved for appellate review. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (strategic and tactical choices regarding the best issues to pursue on appeal "are properly left to the sound professional judgment of counsel"); *Smith v. Murray*, 477 U.S. 527, 534 (1986) (decision to forego a claim that has "little chance of success" does not amount to ineffective assistance of counsel).

[9] The Court of Special Appeals was apparently referring to other direct and circumstantial evidence against Petitioner. Testimony and evidence showed that: (i) a 911 call was placed regarding an ongoing breaking and entering into a municipal government storage shed in Fairmont Heights, Maryland on the morning of Saturday, May 12, 2001; (ii) police responded and found Petitioner and Eric Clarence Haggins

Ex. 13 at 5-6. Judge Clarke, in applying the *Strickland* standard, concluded that Petitioner had failed to show prejudice arising from appellate counsel's failure to raise the issue on appeal. The Court sees no reason to overturn Judge Clarke's determination. *See* 28 U.S.C. § 2254(d).

### D. Ineffective Assistance of Trial Counsel

To establish a claim of ineffective assistance of trial counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). With regard to the first prong of this test, this Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. All circumstances are to be considered, and this Court's scrutiny of counsel's conduct must be "highly deferential." *Id*. at 688-89. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Petitioner claims that he received ineffective assistance when trial counsel failed to attack the case in chief regarding the discrepancy of the address of the burglary location on the statement of probable cause, which was 719 60th Avenue, and the address of the burglary location used at trial, which was 719 60th Place. Post-Conviction Judge Clarke rejected this claim, indicating that:

> Petitioner alleges that he was convicted of second-degree storehouse burglary that occurred at 719 60th Place, however, was charged with second-degree storehouse burglary of another location. Petitioner has failed to support this argument because he has not presented any evidence that bolsters this position. In fact, the only

walking in close proximity to the scene of the crime within minutes after the 911 call was received; and (iii) Petitioner and Haggins matched the description of the alleged perpetrators as provided in the 911 call and were found panting and sweating.

document in the record that mentions an address is the charge summary that states
the crime was committed at 719 60th Avenue in Fairmont Heights, Maryland.  In
addition, nothing in the record was found to support Petitioner's allegation of another
location, therefore, the Court finds that neither prong of *Strickland* is satisfied.

Paper No. 14, Ex. 13 at 7.

Petitioner has not, nor can he, project evidence demonstrating that he was convicted of a

crime committed at another location.  Further, as correctly noted by Respondents, (i) there was no

dispute at trial as to the location of the Fairmont Heights' burglary; (ii) the address of the property

is not an element of the crime of second degree storehouse burglary; and (iii) Petitioner's defense

was solely based upon a theory of misidentification.  The undersigned therefore sees no reason to

overturn Judge Clarke's determination.

## IV.  CONCLUSION

For the reasons stated herein, the instant Petition for habeas corpus relief shall be denied and

the case shall be dismissed with prejudice.    A separate Order follows.


Date: <u>October 18, 2005</u>                            _____/s/_____
                                                     William D. Quarles, Jr.
                                                     United States District Judge